PATRICK A. O'CONNELL *vs.* DAVID H. JACOBS.

Suffolk. March 3. — 6, 1874. WELLS & ENDICOTT, JJ., absent.

When a case is tried by a judge without a jury, his findings on questions of fact are final.

The defendant rightfully took building materials from a building and carried them from the premises although there was room for them to remain there. On one article being demanded of him he told the plaintiff's attorney that he might have it by going to the defendant's locker, and refused to return it to the premises; and on a further demand being made, some months afterwards, he refused to return it. *Held*, that the evidence warranted the judge in deciding that the second refusal, like the first, was merely a refusal to take it back to the plaintiff's house, and that the defendant did not claim any right to retain it as his own, and did no act amounting to a conversion.

TORT in the nature of trover for the conversion of building materials. The case was heard in the Superior Court without a jury, by *Lord*, J., who after judgment for the defendant allowed a bill of exceptions in substance as follows:

The plaintiff sought to recover the value of certain building

materials, detached from a building in Boston, the estate of the plaintiff, upon which the defendant, a mason, was employed by the tenant of the plaintiff, to make some alterations.

The plaintiff, by his attorney, leased his house, for five years from February 1, 1872, to one Sosnosky; the lease, among other provisions, containing the following : " The lessee being hereby conceded the right to take one of the windows out of the front basement, inserting a door and door frame, in its stead ; and converting the within apartment, the present dining room, into a store ; lowering if deemed necessary, the front entrance thereto ; provided the work shall be done in a thorough and workmanlike manner, the mason work by a mason approved by the lessor or his attorney ; and all the work, of whatever kind, in keeping with the appearance and character of the building ; and not inferior, in work, to the character of the present structure ; and all, at the cost and expense of the said lessee. The grate nor mantel, in the dining room, to be moved or altered, unless by permission in writing ; the lessee to do all repairs at his own expense, during the term of this lease."

The attorney of the plaintiff consented to the employment of the defendant, as a mason, to do the work, the said attorney selecting him for the purpose. The articles alleged to have been taken, were taken out from their places in the building by the defendant necessarily, in making the alterations which he agreed to make, and to the making of which the plaintiff's attorney assented ; there was room enough on the premises to allow the materials to remain.

The attorney of the plaintiff testified on the trial of the case, that, some time after the repairs had been made, he asked the defendant whether or not he had taken away the granite plinth with the glass therein set, as laid in the declaration ; and the defendant replied that he had ; that he, the attorney, demanded its return, and the defendant replied that he might have it by going for it to his, the defendant's locker ; that the attorney refusing to go for it to the locker of the defendant, demanded that the defendant should return it to the premises from whence he had taken it, and defendant refused so to do ; that subsequently, after the lapse of about nine months, the same attorney demanded from the defendant the return of the said property, and that the defendant **refused** to return it.

This, with the following answers of the defendant to interrogatories, was the only evidence of the taking and conversion offered by the plaintiff: " Somebody demanded of me a piece of stone with a glass in it, and I told the party if there was any such stone in my locker, it belonged to me, but if he wanted it he could have it. Same party came second time, and I told him he could have it by going for it to my locker, although it belonged to me."

*M. O'Connell*, for the plaintiff.

*N. Morse*, for the defendant.

GRAY, C. J. Trial by jury having been waived, all questions of law and fact were to be determined by the presiding judge in the first instance. Upon all matters of fact his determination was final, and every reasonable inference is to be made in favor of his finding. The evidence reported warranted the judge in deciding that the defendant's second refusal to return the property, like his first refusal, was merely a refusal to take it back to the plaintiff's house, and that the defendant did not claim any right to retain it as his own, and did no act amounting to a conversion.

*Exceptions overruled.*